VINCENT D. SCHAAR and EMMA SCHAAR v. J. FRANK SMITH, *et ux.*, and A. H. SMITH, *et ux.*

174 So. 321.
Division A.
Opinion Filed May 12, 1937.

*Purl G. Adams* and *Coe & McLane,* for Appellants;
*John T. Wigginton,* for Appellees.

BUFORD, J.—The appellant was the owner of four acres of land. One, Causey, acquired a tax title to a parcel of land which overlapped the four-acre tract. At that time the four-acre tract was not assessed on the tax books. After Causey discovered that the tax deed did not embrace the entire four acres, but only a very small portion thereof, he and one J. B. Turner caused the four-acre tract to be assessed to themselves as owners. The land was allowed to sell for taxes three years. Then they had a friend buy in the tax certificates and apply for a tax deed. When the tax deed was applied for J. Frank Smith and A. H. Smith, through their attorney, negotiated with Vincent D. Schaar for the purchase of the land. They were under the impression that Schaar only owned one-half interest in the land and offered him $50.00 for such interest as he might have. The attorney, Mr. Wigginton, representing the Smiths, began negotiations with Schaar for the purchase of the land for his clients, the Smiths. He wrote Schaar a letter in which he said:

"A tax certificate issued against this land in 1933 for the unpaid taxes for the year 1932, which tax certificate was purchased by an individual who is now applying for a tax deed to the land based on said certificate. Unless this certificate is redeemed by November 22nd next, and the delinquent taxes paid, a tax deed will issue to the purchaser and your interest in this land will be extinguished. I am enclosing a clipping from the local newspaper showing the notice which is now being published.

"I have two clients owning land adjoining the parcel in which you are interested. They are willing to pay you the sum of $50.00 for your and Mrs. Schaar's interest in this land, and agree to assume and pay the delinquent taxes. I am enclosing herewith a bargain and sale deed without cove-

nants of warranty, which you and your wife may execute before two witnesses and have your acknowledgment taken before a Notary Public or other officer authorized under the law to administer oaths, conveying to my clients this parcel of land. This form of deed imposes no obligations upon you as to the title, but just passes whatever interest you might have.

"If this is agreeable to you, you can mail this deed after execution to the First National Bank in Milton, Milton, Florida, to be delivered to my clients who are named as grantees in the deed, upon payment to the Bank for transmission to you the consideration of $50.00. It appears that this is your only chance of getting anything out of the land and would be better than letting it be sold to someone else for its taxes.

"If you care to accept this proposition it is imperative that you act at once, for we must have the deed in our possession in order to redeem the delinquent taxes before November 22nd, next."

The result of the negotiations was that the Smiths bought the Schaars' interest in the land for $75.00. The Smiths redeemed the tax certificate at a cost of $39.56. Then Turner and Causey entered into an agreement with Schaar to purchase the four-acre tract in question for $200.00 provided Turner and Causey could procure cancellation of the deed from Schaar and wife to J. Frank Smith and A. H. Smith. Then this suit was filed to cancel that deed upon the theory that the deed from Schaar and wife to the Smiths was procured by fraud and misrepresentation which vitiated the deed.

The decree of the Chancellor was as follows:

"This cause coming on to be heard upon the bill of complaint of the complainants, Vincent D. Schaar and Emma

Schaar, the answer and counter claim of the defendants, J. Frank Smith and A. H. Smith, and the decree *pro confesso* against the complainants, Vincent D. Schaar and Emma Schaar, on said counter claim, and it appearing to the Court and the Court finding that due notice of said hearing has been given to all parties entitled to the same, and the complainants and defendants being represented before the Court by their respective counsel; and it further appearing to the Court and the Court finding from the evidence and testimony adduced herein that the defendants, J. Frank Smith and A. H. Smith, have not, either personally or by their attorney, John T. Wigginton, committed any fraud or made any misrepresentation in connection with the sale of the land more particularly described and set forth in the bill of complaint herein, or in securing the deed of conveyance from the complainants, Vincent D. Schaar and Emma Schaar to the defendants, J. Frank Smith and A. H. Smith, which deed was dated November 16, 1935, and recorded on November 18, 1935, in Deed Record Book 28 at page 285 of the records of Okaloosa County, Florida; and it further appearing to the Court and the Court finding that there was no mistake as to the intention of the parties to the above described deed of conveyance at the time of its execution relative to the quantity of land being conveyed; and it further appearing to the Court and the Court finding that the scrivener in preparing the above mentioned deed of conveyance committed an error in the description of the land being conveyed as set forth in said deed of conveyance wherein the words 'at the beach' following the designation of the Section, Township and Range, and preceding the measurements by metes and bounds, were inadvertently omitted; and the Court, after hearing the argument of Counsel and being advised of its opinion in the premises;

"It Is Thetefore Adjudged and Decreed as follows:

"(1) That the bill of complaint herein be and the same is hereby dismissed at the cost of the complainants.

"(2) That the description contained in the deed of conveyance from Vincent D. Schaar and wife, Emma Schaar, to J. Frank Smith and A. H. Smith dated November 16, 1935, and recorded November 18, 1935, in Deed Record Book 28 at page 285 of the records of Okaloosa County, Florida be, and the same is hereby reformed to read as follows, to-wit: Begin 635 feet West of the Southeast corner of Section 15, Township 2 South, Range 25 West, at the beach, and go North 420 feet; thence West 420 feet; thence South 420 feet thence East 420 feet, to the place of beginning, being four acres more or less in lot 1 Section 15, Township 2 South, Range 25 West, in Okaloosa County, Florida.

"Done and Ordered in Chambers at Pensacola, Escambia County, Florida, this 21st day of July, A. D. 1936."

The Smiths and Schaar were all *sui juris*. There was no fiduciary relation existing between them or between the Smiths' attorney and Schaar. The record shows that Mr. Wigginton in writing the first letter to Schaar assumed that to clear up the title it would be necessary to reimburse Causey for taxes which he had paid on part of the property, but, be that as it may, there is ample testimony in the record to support the findings and decree of the Chancellor and as the Chancellor determined the issues by deciding whether or not the deed from Schaar to the Smiths was obtained by fraud which would vitiate the deed, only the question of sufficiency of the evidence is involved.

Therefore, the decree appealed from should be affirmed and it is so ordered.

Affirmed.

Ellis, C. J., and Terrell, J., concur.

Whitfield, P. J., and Brown and Davis, J. J., concur in the opinion and judgment.